IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-760-BO

| | |
|---|---|
| RECKITT BENCKISER ) <br> PHARMACEUTICALS, INC., ) <br> RB PHARMACEUTICALS LIMITED, and ) <br> MONOSOL RX, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BIODELIVERY SCIENCES ) <br> INTERNATIONAL, INC., ) <br> ) <br> Defendant. ) | REPLY IN SUPPORT OF <br> MOTION TO SEAL |

## INTRODUCTION

Plaintiffs submit this Reply in support of their Motion to Seal [DE 30] two exhibits [DE 28] and [DE 29] to their Opposition to Plaintiffs' Motion to Dismiss [DE 27]. Plaintiffs' motion to seal is a routine request to seal the types of documents normally designated as Confidential or Highly Confidential Attorneys Eyes Only in patent disputes in the Eastern District. For reasons unclear to Plaintiffs, their straightforward request to seal self-evidently commercially sensitive information contained in the two exhibits has been opposed by Defendant.

In opposing its Opposition to Plaintiffs' Motion to Seal, Defendant does not argue that the documents that Plaintiffs are attempting to seal cannot be sealed under the law of the Fourth Circuit. Defendant instead raises concern that Plaintiffs have not yet met their burden to show why the documents should be sealed.

In order to satisfy Defendant's professed concerns Plaintiffs submit this brief Reply with additional authority for sealing [DE 28] and [DE 29], and a Declaration of Plaintiff Reckitt Benckiser Pharmaceuticals Inc.'s Vice President and General Counsel Javier Rodriguez (the

1

"Rodriguez Declaration" or "Rodriguez Dec."), further substantiating the confidentiality and sensitivity of the information in [DE 28] and [DE 29].

**ARGUMENT**

"The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment." *Jackson-Heard v. Elizabeth City State Univ.*, No. 2:12-CV-8-BO, 2013 U.S. Dist. LEXIS 21321, at *1 (E.D.N.C. Feb. 11, 2013)(citing *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion." *Id*. at *2.

> The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. The presumption can be rebutted if countervailing interests heavily outweigh the public interests in access, and [t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. Some of the factors to be weighed in the common law balancing test include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.

*Jackson-Heard*, 2013 U.S. Dist. LEXIS 21321, at *2-3 (internal quotations and citations omitted).

Defendant concedes that the common law right of access to judicial records is applicable to Plaintiffs' present motion, and thus not the more restrictive First Amendment standard. [DE

37, p. 1]. Although the common law standard applies, Plaintiffs' documents should be sealed under either standard.

Courts have granted motions to seal in cases where "[t]he documents in question contain either <u>proprietary business information which a competitor … could use to gain an unfair business advantage</u> or private personal and/or financial information. <u>The interest in avoiding disclosure of such matters suffices to overcome the First Amendment right of access</u> . . . ." *Colony Ins. Co. v. Peterson*, No. 1:10CV581, 2012 U.S. Dist. LEXIS 70830, at *25–26 (M.D.N.C. May 22, 2012)(emphasis added); *see also In re Dollar Gen. Stores FLSA Litig.*, Nos. 5:09-MD-1500, 4:09-CV-57-BR, 4:09-CV-58-BR, 2011 U.S. Dist. LEXIS 95016, at *6 (E.D.N.C. Aug. 23, 2011) (granting motion to seal where First Amendment right of access at issue but documents contained "non-public, highly confidential and proprietary commercial information").

The Rodriguez Declaration establishes that:

- Confidential Exhibit A [DE 28] and Confidential Exhibit B [DE 29] are not available to the general public. Rodriguez Dec. ¶ 5.

- Plaintiffs have taken steps to keep Confidential Exhibit A [DE 28] and Confidential Exhibit B [DE 29] private and otherwise not available to the public or their competitors. Rodriguez Dec. ¶ 6.

- Confidential Exhibit A and Confidential Exhibit B contain information regarding, among other things, confidential contractual intellectual property licensing arrangements. RodriguezDec. ¶ 7.

- Confidential Exhibit B contains information regarding confidential supply and manufacturing contract terms, including but not limited to certain

3

> monetary terms and other confidential, commercially sensitive information relating to RBP's commercial relationship with its co-plaintiff, MonoSol. RodriguezDec. ¶ 8.

- Defendant seeks to obtain FDA approval for a proposed product that would directly compete with Plaintiffs' Suboxone film® product. Rodriguez Dec. ¶ 9.

- Providing the information contained in Confidential Exhibit A and Confidential Exhibit B to Defendant would provide Defendant with Plaintiffs' confidential business information and potentially give Defendant an unfair competitive advantage. Rodriguez Dec. ¶ 10.

Thus, Plaintiffs' demonstrated interest in preventing Defendant from obtaining its proprietary business information and thus gaining an unfair competitive advantage is sufficient to overcome the common law right of access to judicial records. *See Colony Ins. Co. v. Peterson*, 2012 U.S. Dist. LEXIS 70830, at *25–26 (M.D.N.C. 2012); *In re Dollar Gen. Stores FLSA Litig.*, 2011 U.S. Dist. LEXIS 95016, at *6 (E.D.N.C. 2011).[1]

---

[1] The cases relied on by Defendants are unavailing here. In *U.S. Tobacco Inc. v. Big South Wholesale of Virginia*, 2013 WL 6145549 (E.D.N.C. 2013), the defendants never sought specifically to seal the documents unsealed by the Court; rather, the defendants moved to seal specific portions of pleadings so as to avoid revealing sensitive information that could subject certain individuals to <u>physical harm</u> and the unsealed documents were simply attachments to briefs or other filings that themselves had been filed under seal due to their sensitive content. The *DeWitt v. Lappin*, 2011 U.S. Dist. LEXIS 12417 (E.D.N.C. 2011), case is inapposite because there, unlike the present case, the party seeking sealing failed to comply with the applicable local rules as to sealing exhibits and failed to object to unsealed filings. Here, Plaintiffs have complied with their obligations under the local civil rules and have continually treated the information in question as confidential. Similarly, *Big Rock Sports, LLC v. Acusport Corporation,* 2011 U.S. Dist LEXIS 23823 (E.D.N.C. 2011) is inapposite because there, unlike here, the moving party failed to identify the confidential business information in a pleading it sought to seal, and the information was not self-evidently of a confidential nature.

Finally, it should also be borne in mind that the confidential documents in question are exhibits to Plaintiffs' opposition to Defendant's motion to dismiss on alleged lack of standing grounds, among others. The purpose of pointing to these documents is to show Plaintiffs' respective exclusive licensing relationships relevant to Defendant's asserted legal claims regarding standing. This context provides no justification, let alone any need, either for stripping these documents of their confidential status or for allowing selective disclosure to the employees, in-house counsel or otherwise, of a defendant who is attempting to become a direct competitor of Plaintiffs.

CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to File Under Seal.

This the 7th day of March, 2014.

    Respectfully submitted,

    /s/ Michael E. Ray
    Michael E. Ray (N.C. State Bar 8480)
    WOMBLE, CARLYLE, SANDRIDGE & RICE LLP
    One West Fourth Street
    Winston-Salem, NC 27101
    Phone: 1-336-721-3648
    Fax: 1-336-733-8312
    E-mail: mray@wcsr.com

*Attorneys for Plaintiffs*

*Of Counsel*:

TROUTMAN SANDERS LLP
Daniel A. Ladow
James M. Bollinger
TROUTMAN SANDERS LLP
405 Lexington Avenue

New York, NY 10174
(212) 704-6000
(212) 704-5929 (Fax)
daniel.ladow@troutmansanders.com
james.bollinger@troutmansanders.com

Troy S. Kleckley
TROUTMAN SANDERS LLP
600 Peachtree Street, NE
Suite 5200
Atlanta, GA 30308
(404) 885-3000
(404) 885-3900 (Fax)
troy.kleckley@troutmansanders.com
aaron.rugh@troutmansanders.com

*Attorneys for Plaintiffs*
*Reckitt Benckiser Pharmaceuticals, Inc.*
*and RB Pharmaceuticals Limited*

*Of Counsel:*

James F. Hibey
Timothy C. Bickham
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington DC 20036
(202) 429-3000
(202) 429-3902 (Fax)
jhibey@steptoe.com
tbickham@steptoe.com

*Attorneys for Plaintiff*
*MonoSol Rx, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing and the accompanying Declaration of Plaintiff Reckitt Benckiser Pharmaceuticals Inc.'s Vice President and General Counsel Javier Rodriguez have been delivered via ECF to the following on this 7th day of March, 2014:

Richard T. Matthews
Myers Bigel Sibley & Sajovec, P.A.
4140 Parklake Avenue, Suite 600
Raleigh, NC 27612
rmatthews@myersbigel.com

Daniel M. Silver
McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
dsilver@mccarter.com

Lee Carl Bromberg
McCarter & English, LLP
265 Franklin Street
Boston, MA 20110
lbromberg@mccarter.com

/s/ Michael E. Ray
Womble Carlyle Sandridge & Rice, LLP
One West Fourth Street
Winston-Salem, NC 27101
Phone: 1-336-721-3648
Fax: 1-336-733-8312
mray@wcsr.com